## WEBER ELECTRIC CO. v. W. R. OSTRANDER & CO.

(Circuit Court of Appeals, Second Circuit. May 28, 1920.)

No. 240.

Appeal from the District Court of the United States for the Southern District of New York.

Action by the Weber Electric Company against W. R. Ostrander & Co. for infringement of a patent. From a decree (267 Fed. 445), granting injunction against the infringement, defendant appeals. Affirmed.

Mitchell & Allyn, of New York City (R. S. Allyn, of New York City, of counsel), for appellant.

Frank C. Curtis, of Troy, N. Y. (Charles Neave, of New York City, of counsel), for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Decree affirmed.

## MANN v. MT. UNION TANNING & EXTRACT CO. et al.

(District Court, M. D. Pennsylvania. September 17, 1920.)

No. 994.

1. Sales ☞1 (1)—Contract held one of sale.

A contract, consisting of plaintiff's acceptance of an offer to purchase logwood, held, with respect to plaintiff and the immediate purchaser, one of sale.

2. Sales ☞3—Agreement to pay price on buyer's default held one of guaranty, and not sale.

An agreement whereby defendant jointly obligated itself for the payment of logwood to be delivered to purchaser, who was to deliver same to defendant for manufacture of extract, held one of guaranty, and not of sale.

3. Guaranty ☞59—As between seller and guarantor, shipments paid for by buyer held made pursuant to the contract.

In an action against a guarantor for an alleged balance due on a contract of sale, held, that shipments delivered to the buyer, and for which payments were made, should be treated as made pursuant to the contract, thus reducing the extent of the guarantor's liability.

4. Guaranty ☞59—Guarantor of price of goods entitled to credit for amount realized on resale.

In an action for an alleged balance due on a contract of sale, where the commodity which was stored was resold by the seller in the exercise of its statutory lien, held, that the amount realized should be credited on behalf of the guarantor.

5. Guaranty ☞53 (1)—Guarantor of price of goods released, where seller delivered goods without notice and took lien contrary to agreement.

Where the seller of logwood under a contract providing for payment at dock, delivered, without notice to the guarantor, to the buyer the bill of lading for a shipment consigned to the guarantor, and a third person advanced money on the bill of lading, the seller accepting such person's notes for the balance, the guarantor was discharged by reason of the modification of the contract, and placing of the lien.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes